1 .PETTIGREW, J.
Claimant appeals from an order dismissing a claim against her employer for her failure to submit to an independent medical examination. For the reasons assigned, we reverse and remand. iS,
FACTS AND PROCEDURAL HISTORY
On July 10, 1993, claimant, Melissa C. Berry, was injured while in the course and scope of her employment with Copeland’s Restaurant. Initially, Copeland’s did not contest the accident or injury. Copeland’s paid Ms. Berry benefits from the date of the accident through March 12, 1997. Once benefits were terminated, Ms. Berry filed a disputed claim for compensation against Copeland’s.
Apparently, in the course of Ms. Berry’s claim for benefits, a medical dispute arose as to her condition and need for treatment. According to Copeland’s brief and the judge’s written reasons for judgment, a . March 30, 1998 trial date was continued to October 8, 1998, so that Dr. Gustavo Gutni-sky, a neurosurgeon in Slidell, Louisiana, could perform an independent medical examination (“IME”) of Ms. Berry. Subsequently, the workers’ compensation judge was informed that Ms. Berry had failed to attend the IME with Dr. Gutnisky. Prior to the October 8, 1998 trial date, the parties resolved the issues in dispute, and a judgment was to be submitted dismissing the claim. When the parties failed to submit a judgment by January 1999, the workers’ compensation judge ordered the file returned to active status and set a trial date for March 5, 1999.
As the medical dispute had never been resolved, the workers’ compensation judge issued an order dated March 10, 1999, wherein Ms. Berry was ordered to appear, within 30 days of the order, at the Neu-romedical Center in Baton Rouge, Louisiana, for a medical evaluation with a neuro *596 surgeon of her choice. When Ms. Berry failed t|> comply with this order, Copeland’s filed a motion and order requesting that her claim be dismissed with prejudice. The matter was submitted on briefs, and, in a judgment dated October 20, 1999, the workers’ compensation judge dismissed Ms. Berry’s claim |3with prejudice. It is from this judgment that Ms. Berry has appealed, assigning the following specifications of error:
1. The trial court made an error of law in dismissing Ms. Berry’s claim for her failure to appear for a court ordered medical examination.
2. The trial court erred in dismissing the underlying claim with prejudice because, in light of the facts relating to claimant’s failure to appear for the court ordered Independent Medical Examination, such dismissal is an abuse of the court’s discretion.
DISCUSSION
We note that this is an appeal of the dismissal of a workers’ compensation claim because of the claimant’s failure to submit to a medical examination. Based on our review of the law, we find that the workers’ compensation judge erred in dismissing this claim.
With regard to a claimant’s refusal to submit to a medical examination, La. R.S. 23:1124(A) provides as follows:
A. If the employee refuses to submit himself to a medical examination at the behest of the employer or an examination conducted pursuant to R.S. 23:1123, or in anywise obstructs the same, his right to compensation and to take or prosecute any further proceedings under this Chapter shall be suspended until the examination takes place. The employee shall receive at least fourteen days written notice prior to the examination. When a right to compensation is suspended no compensation shall be payable in respect to the period of suspension. [Emphasis added.]
The provisions of La.R.S. 23:1124(A) are mandatory. Thus, the sanction for failure to submit to a medical examination in a workers’ compensation case is suspension rather than dismissal of the claimant’s claim. See Spence v. Industrial N.D.T., 31,744, p. 4 (La.App. 2 Cir. 3/31/99), 731 So.2d 473, 476.
In response to Ms. Berry’s appeal, Copeland’s asserts that suspension is not the only sanction available to an employer faced with an employee who refuses to submit to a court-ordered IME. Copeland’s argues that pursuant to the Louisiana Administrative Code, discovery in a workers’ compensation case is governed by the provisions of Louisiana Code of Civil Procedure when said provisions are not in conflict |4with the Workers’ Compensation Act. In that regard, La.Admin.Code 40:6601 provides that “Unless otherwise provided for in these rules, any practice or procedure not in conflict with either the Workers’ Compensation Act or these rules wül be guided by practice and procedure provided for in the Louisiana Code of Civil Procedure.” Copeland’s also cites La.Admin.Code 40:5963, which provides, in pertinent part, as follows:
A. If a party or an officer, director, or managing agent of a party or a person designated to testify on behalf of a party fails to obey an order to provide or permit discovery, the judge may make such order [sic] in regard to the failure as are just, and among others the following:
[[Image here]]
3.An order ... dismissing the claim or part thereof....
Based on these provisions of the Louisiana Administrative Code, Copeland’s contends *597 that Ms. Berry’s repeated failure to appear for the court-ordered IME is governed by La.Code Civ.P. art. 1471, as well as La. R.S. 23:1124. Thus, Copeland’s concludes, dismissal is appropriate.[2]
We do not agree with this analysis. While we recognize that the provisions of the Louisiana Code of Civil Procedure may be applicable in a workers’ compensation claim, such is not the case here as there is a specific provision in the Workers’ Compensation Act regarding a claimant’s refusal to submit to a medical examination. Pursuant to La.R.S. 23:1124, the sanction for failure to submit to a medical examination in a workers’ compensation case is suspension rather than dismissal of the claimant’s claim. Dismissal, as authorized by Article 1471, is in direct conflict with the mandatory provisions of La.R.S. 23:1124. Therefore, the provisions of Article 1471 cannot be utilized in this case.
CONCLUSION
For the above and foregoing reasons, we reverse the judgment of the workers’ compensation judge dismissing Ms. Berry’s claim with prejudice and remand the matter for further proceedings consistent with this opinion. All costs associated with this appeal are assessed against defendant-ap-pellee, Copeland’s Restaurant.
REVERSED AND REMANDED.

. Article 1471 authorizes dismissal of an action "[i]f a party ... fails to obey an order to provide or permit discovery.”